UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON
**CRIMINAL ACTION NO. 06-86-DLB**
**(Civil Action No. 08-7039-DLB)**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**

**CHRISTOPHER DAVIS**
**aka Capone,**                                                                   **DEFENDANT**

**REPORT AND RECOMMENDATION**

On October 6, 2008, Defendant Christopher Davis filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Pursuant to local practice, this matter was referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b).

**I. Preliminary Review**

Rule 4 of the *Rules On Motion Attacking Sentence Under Section 2255* provides for preliminary review by the court prior to serving the United States with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the motion...that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In this case, preliminary review by this court mandates dismissal of the motion without requiring a response by the United States because the motion is subject to an express waiver.

Defendant pleaded guilty on December 20, 2007 to drug charges pursuant to a written

plea agreement. The written plea agreement, which is filed under seal but which has been reviewed for purposes of the defendant's pending motion to vacate, includes the following provision:

> 8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The Defendant also waives the right to appeal and the right to attack collaterally any sentence, including any order of restitution, that does not exceed 262 months of imprisonment.

Doc. 32. On December 21, 2007 pursuant to the plea of guilty, defendant was sentenced by this court to a term of 262 months of imprisonment.

**II.     Analysis**

The defendant has filed a motion pursuant to 28 U.S.C. §2255 seeking to challenge his sentence. Such a motion constitutes a collateral attack on his conviction. Because the defendant's sentence was within the parameters of the plea agreement and did not exceed 262 months of imprisonment, the defendant has waived his right to bring this proceeding. The same plea agreement reflects that defendant understood the agreement, that defendant's attorney had fully explained the agreement to defendant, and that defendant was entering into the agreement voluntarily. *Id.,* Plea Agreement ¶ 14.

A waiver is a "relinquishment or abandonment of a known right." *United States v. Olano*, 507, U.S. 725 (1993). Even a constitutional right may be waived, as long as a defendant did so by knowingly and voluntarily entering into a plea agreement. *See , e.g.*, *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). As it appears from the face of the plea agreement that the defendant has waived his right to bring a motion under 28 U.S.C. §2255, the instant motion should be denied without requiring the United States to file a response. *See also Nunez v. United States*, 495 F.3d 544, 547 (7th Cir. 2007)(holding that waiver of collateral attack bars

right to claim ineffective assistance of counsel, except for narrow grounds of relief challenging validity of waiver).

### III. Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** THAT the defendant's motion to vacate his conviction and sentence be **denied under Rule 4** without the necessity of a response by the United States, and that this proceeding be dismissed from the active docket. A courtesy copy of this Report & Recommendation should be served on the United States.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within ten days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 9th day of October, 2008.



Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge